**DAVID J. HOLDSWORTH** (4052)
Attorney for Plaintiff
9125 South Monroe Plaza Way, Suite C
Sandy, UT 84070
Telephone (801) 352-7701
Facsimile (801) 567-9960
david_holdsworth@hotmail.com

FILED
U.S. DISTRICT COURT
2019 DEC 30 A II: 09
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| GEORGE L. CROCKER, | : | **COMPLAINT** |
| --- | --- | --- |
| | : | **(JURY TRIAL DEMANDED)** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DIXIE APPLIED TECHNOLOGY COLLEGE, | | Case: 4:19-cv-00107 |
| | | Assigned To : Nuffer, David |
| | | Assign. Date : 12/23/2019 |
| Defendant. | | Description: Crocker v. Dixie Applied Technology College |

COMES NOW the Plaintiff, George L. Crocker, complains of Defendant Dixie Applied Technology College, demands trial by jury and as and for causes of action alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      Plaintiff George L. Crocker (hereinafter "Plaintiff") is a citizen of the United States and a resident of the State of Utah.

2.      The Defendant is Dixie Applied Technology College. At all times relevant hereto, Dixie Applied Technology College (hereinafter "Defendant"), employed 15 or more employees.

3.      The Court has jurisdiction of the subject matter of this ciil action under federal question.

4.      Venue is properly laid in the federal district as the actions at issue occurred in the federal district of Utah.

5.      This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, for discrimination in employment and for retaliation. Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000 e (5). Equitable and other relief are also sought under 42 U.S.C. § 2000 e (5) (g). Jurisdiction is also based on 28 U.S.C. §§ 1331, 1332 and 42 U.S.C. § 1981, et. seq. Where employment discrimination based upon age is alleged, jurisdiction is conferred by the Age Discrimination in Employment Act ("ADEA"). Where employment discrimination based upon disability is alleged, jurisdiction is conferred by the Americans with Disabilities Act ("ADA").

6.      Plaintiff, by and through his counsel, David J. Holdsworth, files his Complaint against the Defendant alleging violations of the Age Discrimination in Employment Act, the ADA, and the Vocational Rehabilitation Act, as amended, which

provide that it is unlawful to discriminate against an employee in his employment on the basis of his age and disability and to retaliate against an employee for engaging in protected activity.

7.  On October 24, 2017, Plaintiff filed a Charge of Discrimination with the UALD in which he alleged that Defendant discriminated against him based on his age. On or about November 21 and 28, 2017, Plaintiff amended his charge to include disability, retaliation, and additional information regarding his termination. Plaintiff filed his Charge of Discrimination within 180 days from the last date of the alleged harm.

8.  The Court may consider for its determination all events that occurred between April 19, 2017, the 180-day jurisdictional mark, and the date of filing of October 24, 2017. The Court may treat all other prior events as being untimely for purposes of relief. However, the Division may give weight to evidence of such events for evidentiary purposes. All jurisdictional requirements have been met as required by the Age Discrimination in Employment Act, as amended.

## STATEMENT OF FACTS AND CLAIMS

9.  Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through ___ above as if alleged in full herein.

10. Plaintiff alleges he is over the age of 40.

11. Plaintiff alleges he is a person with a disability.

12. Plaintiff alleges his disability is bad knees (arthritic knees) that cause pain and causes him to need to move slower.

13. Defendant hired Plaintiff on a part-time basis and filled out his new employee paperwork on June 1, 2016 listing his position as Lab Instructor. He was also listed as an adjunct faculty member.

14. Plaintiff alleges he notified his employer of his disability on his application and told his managers he had a disability.

15. Plaintiff alleges he worked in the Lab and the classroom with his supervisor, Instructor Mike Shrout ("Shrout").

16. Plaintiff alleges that, in June or July 2016, he discovered in the employee online portal that he was not labeled as disabled. He alleges that, in the original computer system, when he hired, he was listed as disabled, but subsequently, the Defendant changed computer systems and his information was never updated. He brought this problem to the attention of the Director, Scott Willis ("Willis"). Plaintiff alleges Willis told Plaintiff it was not a big deal and everyone knew he had bad knees.

17. Soon after, Plaintiff alleges Willis cut his hours per work week from approximately 12 to 10. Plaintiff also alleges that, when he was at work, he noticed Willis following him around, watching him, and taking notes.

18. Plaintiff alleges Willis was trying to catch him violating a policy to find a reason to terminate him.

19. Plaintiff alleges he was being paid at the same rate all the time, when he was assisting in the lab or teaching in the classroom.

20. During the June and July 2017 period, Plaintiff spoke with fellow part-time employee and instructor Brigg Lewis ("Lewis"). Lewis told Plaintiff he was being paid at a higher rate when instructing in the classroom than when he was assisting in the lab.

21. Plaintiff alleges that he believed this was discrimination because he was teaching classes in the classroom on hydraulics, electrical, and others subjects on a regular basis for Shrout and yet was not being paid at the higher rate for that classroom teaching.

22. Plaintiff alleges he told Shout about the wage discrepancy.

23. Plaintiff alleges that, around the same time (July/August 2017), Shrout told him that there was rumor of Plaintiff's pending termination. Plaintiff was confused because he had not received any notice or discipline.

24. Plaintiff alleges the lack of fair wages, hours being cut, and seeing Willis follow him around and take notes, and other incidents, caused him to believe he was being discriminated against because of his age and disability.

25. Plaintiff alleges that, on November 14, 2017, the Defendant did terminate his employment. Plaintiff alleges Defendant terminated his employment for pretextual reasons and that the real reasons for the termination had to do with his age and disability.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### DEFENDANT DISCRIMINATED AGAINST PLAINTIFF

26. Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through ___ above as if alleged in full herein.

27. In order to state a prima facie case of discrimination based on age, Plaintiff must allege facts which establish, or tend to establish, that: (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) Defendant subjected him to an adverse employment action; and (4) the circumstance surrounding the adverse action give rise to an inference of discrimination on the basis of age. *See, generally, McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973).

28. Plaintiff is over the age of 40 and a member of a protected class.

29. Plaintiff was hired and worked successfully in the position, therefore, he alleges he was qualified for the position.

30. Plaintiff alleges Defendant subjected him to an adverse employment action. An adverse employment action includes significant change in

employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits". *Piercy v. Maketa,* 480 F.3d 1192, 1203 (10th Cir. 2007) (internal quotation omitted). Plaintiff alleges Defendant terminated his employment on November 14, 2017. Plaintiff suffered an adverse employment actions when Defendant terminated his employment.

31. Plaintiff alleges the totality of circumstances leading up to the termination supports an inference of discrimination. Potential circumstances that give rise to discrimination are: (1) disparate treatment which but for the employee's protected trait would be different, *International Union v. Johnson Controls, Inc.,* 499 U.S. 187, 200 (1991); or (2) evidence that the protected trait actually motivated the employer's decision. *Phillips v. Martin Marietta Corp.,* 400 U.S. 542, 544 (1971).

32. Plaintiff alleges the decision to terminate him was influenced and motivated by Plaintiff's age.

33. Plaintiff's allegations satisfy the fourth element.

34. Plaintiff's allegations state a prima facie claim of discrimination based on his age.

**SECOND CAUSE OF ACTION**
**DEFENDANT DISCRIMINATED AGAINST**
**PLAINTIFF BASED ON HIS DISABILITY**

35. Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through ___ above as if alleged in full herein.

36. In order to state a prima facie case of discrimination based on disability, Plaintiff must allege facts which establish, or tend to establish, that: (1) he is disabled in that he has an impairment which is substantially limiting to a major life activity; (2) he was otherwise qualified for the position and could perform the essential duties of the position he held or desired, with or without reasonable accommodation; (3) Defendant subjected him to an adverse action and; (4) the circumstances surrounding the adverse action give rise to an inference of discrimination on the basis of disability. *See White v. York Int'l Corp.*, 45 F.3d 357, 361 n.6 (10th Cir. 1995); *see also Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1184-85 (6th Cir. 1996).

37. Plaintiff alleges he has arthritic knees that cause him severe pain and to move around slower than other people.

38. Plaintiff's allegations satisfy the first element of his claim of disability discrimination.

39. Plaintiff alleges he was quailed for the position he held or desired. Plaintiff alleges that he was able to perform all his job duties, with or without accommodation.

40. Plaintiff was hired and worked successfully in the position, therefore, he alleges he was qualified for the position.

41. Plaintiff alleges Defendant subjected him to an adverse action when it terminated his employment.

42. Plaintiff's allegations satisfy the third element.

43. Plaintiff alleges the totality of the circumstances support an inference of discrimination on the basis of disability. Potential circumstances that give rise to discrimination are: (1) disparate treatment which but for the employee's protected trait would be different, *International Union v. Johnson Controls, Inc.,* 499 U.S. 187, 200 (1991); or (2) evidence that the protected trait actually motivated the employer's decision. *Phillips v. Martin Marietta Corp.,* 400 U.S. 542, 544 (1971).

44. Plaintiff alleges the decision to terminate him was influenced and motivated by Plaintiff's disability.

45. Plaintiff's allegations satisfy the fourth element.

46. Plaintiff's allegations state a prima facie claim of discrimination based on disability.

### THIRD CAUSE OF ACTION
### DEFENDANT UNLAWFULLY RETALIATED AGAINST PLAINTIFF

47. Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through ____ above as if alleged in full herein.

48. In order to state a prima facie case of retaliation, Plaintiff must allege facts which establish, or tend to establish, that: (1) he engaged in protected opposition to discrimination; (2) he was subject to an adverse employment action contemporaneous with or subsequent to the protected activity; and (3) there is a causal connection between the protected activity and the adverse employment action. *See Argo v. Blue Cross and Blue Shield of Kan., Inc.,* 452 F.3d 1193, 1202 (10th Cir. 2006) (citing *Burlington Northern & Santa Fe Ry. Co. v. White,* 126 S.Ct. 2405, 2414-15 (2006)).

49. Plaintiff alleges that he engaged in protected opposition to discrimination. Plaintiff alleges he complained to Shrout, his supervisor, about the wage discrepancy. (He asked Shrout if he was being paid appropriately for his work.) Plaintiff alleges he also complained to Shrout about Willis following him around and making him uncomfortable. He also asked Shrout about the rumor of his pending termination. Plaintiff complained about conduct deemed unlawful by the ADEA and ADA/Vocational Rehabilitation Act.

50. Plaintiff's allegations establish the first element of his claim for retaliation.

51. Plaintiff alleges that, after and because he engaged in protected activity, Defendant took adverse action against him in that Defendant terminated his employment.

52. Plaintiff's allegations satisfy the second element.

53. Plaintiff alleges the totality of the circumstances support an inference of discrimination on the basis of retaliation. Plaintiff alleges there is a causal connection between his protected activity and his termination. Potential circumstances that give rise to discrimination are: (1) disparate treatment which but for the employee's protected trait would be different, *International Union v. Johnson Controls, Inc.,* 499 U.S. 187, 200 (1991); or (2) evidence that the protected trait actually motivated the employer's decision. *Phillips v. Martin Marietta Corp.,* 400 U.S. 542, 544 (1971).

54. Plaintiff alleges the decision to terminate him was influenced and motivated by a desire to retaliate against Plaintiff for engaging in protected activity.

55. Plaintiff's allegations satisfy the fourth element.

56. Plaintiff's allegations state a prima facie claim of discrimination based on retaliation.

### IV. DAMAGES

57. Mr. Crocker alleges Defendant's actions and inactions have caused him various losses, injuries and other damages, including lost wages, lost benefits, and damages to his employability.

## V. RELIEF REQUESTED

Accordingly, based on the above allegations, claims and damages, Plaintiff requests the following relief, specifically an Order and Judgment:

1. Declaring that Defendant discriminated against Mr. Crocker on the basis of his age and disability and retaliated against him, in violation of the ADEA, ADA and Vocational Rehabilitation Act;

2. Awarding Mr. Crocker "make whole" relief, including awarding Mr. Crocker lost wages and lost benefits from the time Defendant terminated Mr. Crocker's employment until it reinstates him;

3. In lieu of reinstatement, awarding Mr. Crocker the lost wage and lost benefit differential from the time Defendant terminated Mr. Crocker's employment until Mr. Crocker secures comparable employment, or for a period of five years, whichever occurs first;

4. Awarding Mr. Crocker his reasonable attorney's fees and costs;

5. Awarding Mr. Crocker such other relief as may be just and equitable.

DATED this 20 day of December, 2019.

/s/ David J. Holdsworth
David J. Holdsworth
*Attorney for Plaintiff*